IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DAVID HULCE | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| V. | § | CIVIL ACTION NO._____ |
| | § | |
| | § | |
| MAPLETREE TRANSPORTATION, | § | |
| INC., FOREST RIVER, INC., AND | § | |
| REUBEN TONEY MURR | § | |
| | § | |
| *Defendants.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE COURT:

Plaintiff David Hulce ("Plaintiff") files this Original Complaint complaining of Defendants Mapletree Transportation, Inc., Forest River, Inc., and Reuben Toney Murr, ("Defendants"), and for cause of action state the following:

## I.  PARTIES

1. Plaintiff David Hulce is an individual residing in Brown County, Wisconsin.

2. Defendant Mapletree Transportation, Inc. is an Indiana corporation that does business in Texas, but its principal place of business is in Indiana.  It may be served with a summons through its registered agent for service Joseph Greenlee, 900 County Road 1, Elkhart, Indiana 46515.

3. Defendant Forest River, Inc. is an Indiana corporation that does business in Texas, but its principal place of business is in Indiana.  It may be served with a summons through its registered agent for service Corporation Service Company d/b/a CSC-Lawyers Incorporating

Service Company 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

4.  Defendant Reuben Toney Murr is an individual residing in Transylvania County, North Carolina and may be served with summons at 3560 E. Fork Road, Brevard, North Carolina 28712.

## II.   JURISDICTION AND VENUE

5.  This Court has jurisdiction over the lawsuit under the provisions of 28 U.S.C. Section 1332. The parties to this lawsuit are citizens of different states, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

6.  Venue is proper in this Court because Defendants' are subject to this Court's personal jurisdiction.

## III.   FACTS

7.  This lawsuit is based on a motor vehicle collision that occurred on January 21, 2016 (hereinafter referred to as "the collision").

8.  The collision occurred on southbound I-35 about 100 feet south of US 380 (W. University Dr.), in Denton, Denton County, Texas.

9.  The collision occurred as Defendant Reuben Toney Murr followed Plaintiff too closely and failed to control his speed causing his vehicle to crash into the back of the Plaintiff's vehicle.

10. Upon information and belief and at all times material hereto, Defendant Reuben Toney Murr was acting in the course and scope of his employment with Defendants Mapletree Transportation, Inc. and/or Forest River, Inc.

11. Upon information and belief, Defendant Mapletree Transportation, Inc. and/or Defendant Forest River, Inc. owned the vehicle that was driven by Defendant Reuben Toney Murr.

12.     Upon information and belief, Defendant Mapletree Transportation, Inc. is a division of Defendant Forest River, Inc.

13.     Because of the collision, Plaintiff Hulce suffered significant and severe injuries.

14.     The collision was proximately caused by the negligence and/or negligence *per se* of the Defendants.

## IV.   CAUSES OF ACTION

### A.  Doctrine of Respondeat Superior/Vicarious Liability of Defendants

15.     At the time of the collision, Defendant Reuben Toney Murr, the driver of Defendant Mapletree Transportation, Inc. and/or Defendant Forest River, Inc.'s vehicle, was an employee of Defendant Mapletree Transportation, Inc. and/or Defendant Forest River, Inc. Defendant Reuben Toney Murr was acting within the course and scope of such employment at the time of the occurrence and at all relevant times prior thereto.  As such, Defendant Mapletree Transportation, Inc. and/or Defendant Forest River, Inc. is legally responsible for its driver's negligence and negligence *per se* under the doctrine of respondeat superior/vicarious liability.

### B.  Negligence and/or Negligence *Per Se*

16.     At the time of the collision, Defendants were negligent and/or negligent *per se* in one or more of the following particulars:

    a.    In Defendant Reuben Toney Murr failing to keep such a lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

    b.    In Defendant Reuben Toney Murr failing to timely apply the brakes of his vehicle in order to avoid the collision in question;

    c.    In Defendant Reuben Toney Murr driving a vehicle at a rate of speed which was greater than that which an ordinarily prudent person would have driven under the same or similar circumstances;

    d.    In Defendant Reuben Toney Murr failing to maintain his vehicle under control;

      e.      In Defendant Reuben Toney Murr following too closely;

      f.      In Defendant Reuben Toney Murr failing to take proper evasive action;

      g.      In violating Texas Transportation Code Section 545.062 (following distance) and 545.351 (maximum speed requirement); and

      h.      In operating a vehicle in violation of FMCSR Parts 390, 392 and 571.

17.   Defendants Mapletree Transportation, Inc. and/or Forest River, Inc. were negligent in hiring Defendant Reuben Toney Murr as a driver and negligent in allowing him to continue driving vehicles for them when they reasonably should have known that it was unsafe to do so.  Such negligence, singularity or in combination with others, proximately caused the collision.

18.   Each of the foregoing acts or omissions, singularly or in combination with others, constituted negligence and/or negligent *per se*, which proximately caused the collision and Plaintiff's injuries and damages.

## V.  PERSONAL INJURIES AND DAMAGES

19.   As a result of Defendants' negligent actions, Plaintiff Hulce suffered personal injuries. Consequently, Plaintiff Hulce seeks recovery of the following damages:

      a.      <u>Medical Expenses:</u> David Hulce incurred bodily injuries which were caused by the collision and David Hulce incurred medical expenses for treatment of such injuries. David Hulce believes that, in reasonable medical probability such injuries will require the need for future medical care.

      b.      <u>Lost Wages:</u>  David Hulce lost wages as a result of the personal injuries sustained in The Collision. David Hulce reasonably believe that such injuries will diminish David Hulce's earning capacity in the future.

      c.      <u>Physical Pain:</u>  David Hulce endured physical pain as a result of the personal injuries sustained in The Collision and reasonably anticipate such pain will continue in the future.

      d.      <u>Mental Anguish:</u>  David Hulce endured mental anguish as a result of the personal injuries sustained in The Collision and reasonably anticipate such mental anguish will continue in the future.

      e.      <u>Disfigurement:</u> David Hulce endured disfigurement as a result of the personal

injuries sustained in The Collision and reasonably anticipate such will continue in the future.

f.   <u>Impairment</u>: David Hulce endured physical impairment as a result of the personal injuries sustained in The Collision and reasonably anticipate such in the future.

## **VI.  AGGRAVATION**

20.   In the alternative, if it be shown that the Plaintiff suffered from any pre-existing injury, disease and/or condition at the time of the incident made the basis of the lawsuit, then such injury, disease and/or condition was aggravated and/or exacerbated by the negligence of the Defendants.

## **VII.  U.S. LIFE TABLES**

21.   Notice is hereby given to the Defendants that Plaintiff intend to use the U. S. Life Tables as published by the Department of Health and Human Services - National Vital Statics Report in the trial of this matter.  Plaintiff requests  that this Honorable Court take judicial notice of those rules, regulations, and statutes of the United States and the State of Texas.

## **VIII.  JURY DEMAND**

22.   Plaintiff requests the right of trial by jury.

## **IX.  RELIEF SOUGHT**

23.   All conditions precedent to Plaintiff's right to recover the relief sought herein have occurred or have been performed.

24.   Plaintiff requests that Defendants be cited to appear and answer and that this case be tried after which Plaintiff recover:

a.   Judgment against Defendants for the damages set forth herein;
b.   Pre-judgment interest at the maximum amount allowed by law;
c.   Post-judgment interest at the maximum rate allowed by law;
d.   Costs of suit; and

e.       Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**REYES | BROWNE | REILLEY**


 /s/ Spencer P. Browne
**Spencer P. Browne**
State Bar No. 24040589
5950 Berkshire Lane, Suite 410
Dallas, TX 75225
(214) 526-7900
(214) 526-7910 (FAX)
Email:  spencer@reyeslaw.com

**ATTORNEYS FOR PLAINTIFF**